BOILEAU v. THE CHICAGO, BURLINGTON & QUINCY R'Y Co.

1. **Change of Venue:** APPEALS FROM JUSTICES' COURTS: CANNOT BE SENT OUT OF COUNTY. An appeal from a justice's court to the circuit court of the proper county cannot, for any cause, be sent out of the county on change of venue. Code, § 2590, absolutely forbids a change of venue from the county in such a case.

*Appeal from Mills Circuit Court.*

TUESDAY, JUNE 22.

THIS action was commenced before a justice of the peace to recover $55, as damage sustained by plaintiff by reason of the destruction of his wagon by the negligent act of defendant's employes in operating a train upon its railroad. Upon an appeal to the circuit court, taken by defendant, there was a judgment upon a verdict for plaintiff. Defendant now appeals to this court. The facts of the case appear in the opinion.

*Stone & Gillilland*, for appellant.

*L. T. Genung* and *Watkins, Williams & Wright*, for appellee.

.BECK, J.—I. The amount in controversy in this case being less than $100, it is brought here upon the certificate of the judge of the circuit court trying it, showing certain

questions of law arising in it which the judge thought it was desirable to submit for the determination of this court. Counsel for the parties do not wholly agree as to the contents of the record, plaintiff's counsel filing an amended abstract, which denies some of the statements of the abstract, while admitting others. We find it unnecessary to go to the record in order to determine these differences, as the case, in the view we take of it, which is adverse to defendant, will be determined upon the facts set out in defendant's abstract and other facts appearing in plaintiff's abstract which are admitted by defendant to be correct.

II. In order to assure the comprehension of the questions certified to us by the judge of the circuit court, and an understanding of the grounds of our conclusion, it is necessary to state facts appearing in the abstracts about which there is no dispute. Upon a trial before the justice of the peace, a judgment was rendered for plaintiff in the sum of $55. Upon an appeal to the circuit court a verdict was had for a like sum in favor of plaintiff, which was set aside by the court on motion of defendant. Another trial was had, resulting in a disagreement of the jury. One year afterwards the defendant made a motion for a change of venue on the ground of the prejudice of the judge of the circuit court, and the same objection was made to the judge of the district court. This motion was resisted upon the ground, among others, that, as the case was an appeal from a justice of the peace, no change could be granted from the county. The motion was sustained, the cause being sent to another county. The change was ordered upon condition that defendant pay the costs of the term. The certificate of the judge shows that the only costs in the case to which this order was applicable were those of the clerk. At the following term plaintiff moved the court to set aside the order granting the change of venue, upon the grounds, among others, that, as the cause was pending upon appeal from a justice of the peace, the court had no jurisdiction to change the venue to another county; that, as there

had been a change of judges of the court, the ground for the change of venue had ceased to exist; and that the change had not been perfected, by reason, as we understand the matter, of the non-payment of costs. The defendant filed affidavits, showing that the costs had not been paid, for the reason that they could not be ascertained when an offer to pay them was made, because the papers were mislaid, and could not be found; and that the counsel of defendant has assumed and agreed with the clerk to pay the costs, which was satisfactory to that officer. The motion to set aside the order for the change of venue was sustained. The judge then on the bench certified the case to this court, and it appears from his certificate that he sustained the motion on the ground of the non-payment of costs.

At the next term defendant moved to set aside the order, made at the previous term, to reinstate the case, and to set aside the order for the change of venue, on the ground of error therein, and the fact that the change of venue had been perfected. Plaintiffs moved to strike this motion. The motion to strike was sustained, and defendant's motion to set aside the order vacating the order of change of venue was overruled. When this order was made a third judge occupied the bench, there having been another change of judges. A second certificate was made, the judge sending the case here for review upon questions of law stated in the certificate.

We infer, from the portion of this certificate preceding the questions presented for our determination, that the last rulings, as the first, were grounded upon the fact that the costs had not been paid within the time prescribed by law. But the questions of law certified by the judge involve the jurisdiction of the court to set aside the order granting the change of venue, its jurisdiction over the cause after that order was made, and whether the rulings pertaining to the court's action were or were not erroneous.

III. In the view we take of the case, we find it unnecessary to determine whether the court below should have

regarded the change of venue as perfected by the arrangement for the payment of costs made between the clerk and defendant's counsel, for the reason that we find the change of venue was ordered without authority by the circuit court, and in plain contravention of the statute, and was therefore void; and the court below, therefore, rightly corrected its record to accord with its jurisdiction, by setting aside the void order. Of course, if the circuit court had no jurisdiction to order the change of venue, it did not lose jurisdiction of the cause by that order.

Code, § 2590, provides that a change of venue may be had in the following cases: (1) Where the county is a party to the suit, and the change is asked by the other party; (2) when the judge of the court is a party or directly interested in the action, or is connected by blood or affinity with an interested party nearer than the fourth degree; (3) when the inhabitants of the county or the judge are so prejudiced against the applicant, or the adverse party or his attorney has such undue influence over the inhabitants of the county, that he cannot obtain a fair trial; (4) by an agreement of the parties; (5) when, in a case triable by jury, the judge finds a jury cannot be obtained in the county.

If the objection is made to the judges of both the circuit and district courts, the cause is sent to another district, and the same thing is done if objection is made to the inhabitants of all the counties of the district. Section 2592. A provision of the Code (section 2590) is to the effect that no change of venue from the county shall be allowed in case of appeal from a justice of the peace. This provision is explicit, direct, and not to be misunderstood. It prohibits changes of venue from the county in such cases. It does not prohibit changes from one court to another in the county. But whether the objection be to the inhabitants of the county, to the judges of the courts, or the cause for the change be based upon any other ground, the provision plainly forbids such a case to be sent out of the county. If the inhabitants of the

county are prejudiced, the cause must remain; so, if the judges are objectionable, it cannot be removed. The statute is doubtless based upon the reason that litigation arising before justices of the peace involves such inconsiderable sums that litigants are better protected by the restriction preventing the great expenses which would be incurred by changes of venue, than they would be by permitting them to take their causes into other counties. But, whatever the reason of the law may be, we can do nothing but follow its plain provisions.

As we have said, the circuit court rightly set aside the order changing the venue of the case, and all the rulings subsequent to that order are correct. We therefore answer the question certified to us by saying that the court below never lost jurisdiction of the case, and it correctly retains the case for trial.

AFFIRMED.